# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23110-BLOOM/Louis

CHRISTOPHER MAURICE McDOWELL,

    Plaintiff,

v.

JOSE GONZALEZ and DAVID COLON,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendants Jose Gonzalez and David Colon's ("Defendants") Motion to Dismiss the Complaint or, Alternatively, for a More Definite Statement, ECF No. [21] ("Motion to Dismiss"), and Defendants' Motion to Stay Discovery and for Relief from Pretrial Deadlines Pending Ruling on Motion to Dismiss, ECF No. [23] ("Motion to Stay"), (collectively, "Motions"). Plaintiff Christopher Maurice McDowell ("Plaintiff") filed responses to each Motion, ECF Nos. [25] & [26], to which Defendants replied, ECF Nos. [31] & [33]. The Court has carefully reviewed the Motions, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part; the Motion to Stay is denied as moot.

### I. BACKGROUND

*Pro se* Plaintiff initiated this action on July 26, 2019, ECF No. [1] ("Complaint"), which appears to allege facts surrounding a false arrest, assault, and unlawful detention, against Defendants Jose Gonzalez, an officer of the Miami-Dade Police Department ("MDPD"), and David Colon, an MDPD sergeant. *See* ECF No. [1] at 25. Plaintiff's Complaint describes incidents

that transpired on March 19, 2019, at a Dunkin' Donuts. *Id.* at 4-8. Specifically, Plaintiff alleges that he entered the Dunkin' Donuts to purchase coffee and, after repeatedly attempting to purchase coffee but being denied, engaged in a verbal altercation with the cashier, which ultimately resulted in Plaintiff being asked to leave the store. *Id.* at 6-8. Plaintiff was later apprehended by MDPD officers after they received a complaint alleging that a man had entered Dunkin' Donuts, stolen $7.00 out of the tip jar, and fled on foot. *Id.* at 28-29. The victim positively identified Plaintiff as the individual who removed the $7.00 from the tip jar. *Id.* at 29. Accordingly, Plaintiff was arrested, charged with petit theft, and held in jail overnight until he appeared before a state court judge, who released him on his own recognizance. *Id.* at 16-17, 29.

Plaintiff describes numerous conversations with Officer Gonzalez, during which he repeatedly stated that he had not stolen any money from the tip jar and that the surveillance cameras at Dunkin' Donuts — which, Plaintiff alleges, Officer Gonzalez indicated having already watched at the time of the arrest — would clearly establish Plaintiff's innocence. *Id.* at 10-13. Additionally, Plaintiff alleges that he was illegally arrested and detained for a crime he did not commit and that, while being arrested, he was assaulted several times. *Id.* at 25. However, Plaintiff's Complaint does not set forth any of his asserted causes of action or the law under which he brings these causes of action. *See id.*

In the instant Motion to Dismiss, Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), based on their qualified immunity, because they had probable cause to arrest Plaintiff and that Plaintiff has failed to state a claim to support any violation of clearly established constitutional rights. ECF No. [21] at 1-2. In the alternative, Defendants request that, pursuant to Federal Rule of Civil Procedure 12(e), the Court order Plaintiff to amend his Complaint to provide a more definite statement because Defendants are unable to decipher what claims are

asserted or how many claims are asserted. *Id.* at 3. Moreover, in their Motion to Stay, Defendants request for this Court to stay all discovery pending the resolution of their qualified immunity claims in their Motion to Dismiss. ECF No. [23].

## II. LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a Rule 12(b)(6) motion, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in plaintiff's favor. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). "'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Yet even in the

3

case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Nonetheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). On a 12(b) motion, courts are generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

### B. Motion for a More Definite Statement

Under Rule 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Because courts liberally construe the pleading standard under Rule 8(a), "a short and plain statement" will be enough, unless, upon motion, a party establishes that the pleading "is so ambiguous that [they] cannot reasonably" respond. *Betancourt v. Marine Cargo Mgm't, Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996).

## III. DISCUSSION

### A. Failure to State a Claim

Defendants argue that the Court should dismiss Plaintiff's Complaint because Defendants are entitled to qualified immunity. ECF No. [21] at 4. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This protection "applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004)). "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability,'" the United States Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.* at 231-32 (quoting *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

When a qualified immunity issue is raised, the Supreme Court has explained that two factors, which may be addressed in any order, must be proven to overcome a defense of qualified immunity: (1) "a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right," and (2) "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 232 (citations omitted). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Id.* The determination of whether a government official's conduct violated a clearly established right "turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Id.* at

244 (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)); *see also Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("[Q]ualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.").

In the instant case, *pro se* Plaintiff has alleged the facts of his case in his Complaint, but he has not set forth any clearly delineated legal claims or any legal basis upon which his suit is based. *See* ECF No. [1]. Moreover, even under the more lenient pleading standard for *pro se* plaintiffs, *Bingham*, 654 F.3d at 1175, the Court is unable to assess whether Plaintiff only asserts a single claim for unlawful arrest or multiple, independent claims for unlawful arrest, unlawful detention, and/or assault. Absent clearer guidance on the precise nature, extent, and legal basis of Plaintiff's claims, the Court cannot engage in an analysis on whether Defendants are entitled to qualified immunity. *See Campbell*, 760 F.3d at 1168-69. Accordingly, the Court addresses Defendants' alternative request for a more definite statement below.

### B. More Definite Statement

Defendants alternatively request that the Court order Plaintiff to amend his Complaint to provide a more definite statement under Federal Rule of Civil Procedure 12(e). ECF No. [21] at 14-15. As noted above, the Court concludes that Plaintiff's Complaint does not allow Defendants any meaningful opportunity to "discern what he is claiming and frame a responsive pleading." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996). Instead, as is, Plaintiff's Complaint is "so vague or ambiguous that [Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Therefore, the Court orders Plaintiff to amend his Complaint to provide further elaboration on what specific legal claims are asserted. **Plaintiff must set forth each individual cause of action in separate, clearly noted counts and must provide the legal grounds and the facts that support each of the counts alleged.** *See* Fed. R. Civ. P. 8(a) ("**Claim for Relief**. A

pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss, **ECF No. [21]**, is **GRANTED in part and DENIED in part**. Plaintiff shall file an Amended Complaint **no later than October 25, 2019.**

2. Defendants' Motion to Stay, **ECF No. [23]**, is **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 2, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Christopher Maurice McDowell
7870 West Flagler Street
Miami, FL 33144