**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-cv-23110-BLOOM/Louis

CHRISTOPHER MAURICE McDOWELL,

    Plaintiff,

v.

JOSE GONZALEZ and DAVID COLON,

    Defendants.
_____/

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Defendants Jose Gonzalez and David Colon's ("Defendants") Motion to Stay Discovery and for Relief from Pretrial Deadlines Pending Ruling on Motion to Dismiss Amended Complaint, ECF No. [49] ("Motion to Stay"). On November 5, 2019, Plaintiff Christopher McDowell ("Plaintiff") filed his response in opposition to the Motion to Stay, ECF No. [53], to which Defendants replied on November 7, 2019, ECF No. [57]. In the Motion to Stay, Defendants request that the Court enter an order staying discovery pending resolution of Defendants' Motion to Dismiss Amended Complaint, ECF No. [47] ("Motion to Dismiss"). The Court has reviewed the Motion to Stay, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendants' Motion to Stay is granted.

*Pro se* Plaintiff initiated this action on July 26, 2019, ECF No. [1] ("Complaint"), which appears to allege facts surrounding a false arrest, assault, and unlawful detention against Defendants Jose Gonzalez, an officer of the Miami-Dade Police Department ("MDPD"), and David Colon, an MDPD sergeant. *See* ECF No. [1] at 25. On October 9, 2019, Plaintiff filed an

Amended Complaint, ECF No. [39] ("Amended Complaint"), pursuant to this Court's Order, ECF No. [34]. In their Motion to Dismiss, Defendants seek dismissal of Plaintiff's Amended Complaint on a number of grounds, including failure to state a claim and qualified immunity. ECF No. [47]. Under both Federal Rule of Civil Procedure 26 and the law of this Circuit, the Court "has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). Moreover, a stay is appropriate where a party has asserted qualified immunity as a defense, because "[t]he defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from government disruption which official immunity is supposed to afford." *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985).

The Court has taken a "preliminary peek" at the Motion to Dismiss. *Pereira v. Regions Bank*, 6:12-CV-1383-ORL-22, 2012 WL 5448191, at *1 (M.D. Fla. Nov. 7, 2012). "[B]alanc[ing] the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery," *Berry v. Canady*, No. 2:09-CV-765-FTM-29, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011), the Court finds that a stay is appropriate here.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Stay, **ECF No. [49]**, is **GRANTED**.
2. All discovery, including scheduled deadlines and hearings, shall be **STAYED** pending resolution of Defendants' Motion to Dismiss, ECF No. [47].

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 12, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record