UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23110-BLOOM/Louis

CHRISTOPHER MAURICE MCDOWELL,

    Plaintiff,

v.

JOSE GONZALEZ and DAVID COLON,

    Defendants.
    _____/

## **ORDER**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Christopher Maurice McDowell's ("Plaintiff") "Motion Asking that the Courts (Not Put) Judge Beth Bloom Back on Case," ECF No. [61] ("Motion"). The Court has carefully considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

As an initial matter, due to Plaintiff's pending appeal of this Court's Order granting Defendants' Motion to Dismiss, ECF No. [59], the Court lacks jurisdiction to rule on the instant Motion. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("[I]t [is] generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Likewise, to the extent that the Motion constitutes a motion for reconsideration, the Court also concludes that denial is warranted. "[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

Upon review, even under the most expansive reading, the Motion fails to address any of the three potential grounds justifying reconsideration and fails to set forth any ground warranting reconsideration. The Motion similarly invokes no legal theory or statute to justify such relief. The Court therefore finds that Plaintiff has failed to demonstrate any grounds for reconsideration or modification of the Court's Order. Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [61]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 6, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record